UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GARY WAYNE ASHLEY (#405290)

VERSUS                                            CIVIL ACTION

TROY PORET, ET AL                                 NUMBER 11-319-BAJ-SCR

ORDER

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Assistant Warden Troy Poret, Maj. Willie Richardson, Maj. Joseph Tubbs, Lt. Col. Kenneth Dupis, Col. Shaw, Capt. Antonio Whitaker, Capt. Sullivan, Sgt. Kirk Templeton, an unidentified eye doctor and an unidentified correctional officer. Plaintiff alleged that on December 29, 2009, he was subjected to an excessive use of force in violation of his constitutional rights.

In their answer, the defendants asserted the affirmative defense of prescription.[1]

A review of the record showed that the plaintiff filed an administrative grievance complaining about the December 29, 2009 incident on January 26, 2010, and it was received by prison officials on February 11, 2010.[2] The administrative grievance was

---

[1] Record document number 21.

[2] Record document number 17-2, pp. 3-5.

accepted into the Administrative Remedy Procedure (ARP) as LSP-2010-0489 and was denied at the First Step of the two step procedure on March 10, 2010[3] and at the Second Step on May 27, 2010.[4] Plaintiff's complaint was mailed on May 11, 2011, and it was filed on May 12, 2011.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).

The pendency of properly filed ARP proceedings will act to toll the running of the one-year limitations period for prisoners' claims. *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

A review of the record showed that 375 days of the limitations period elapsed before the plaintiff filed his complaint. It appears from a review of the record that any claims the plaintiff had against these defendants regarding acts which occurred on December 29, 2009 have prescribed.

"After giving notice and a reasonable time to respond, the

---

[3] *Id.* at p. 2.

[4] *Id.* at p. 1.

court may ... consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed.R.Civ.P. Rule 56(f)(3); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548 (1986) ([D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.")

A review of the record showed that the summary judgment in favor of the defendants may be appropriate. However, before summary judgment can be granted in favor of a party who did not request it notice and a reasonable time to respond must be given. Rule 56 (f), Fed.R.Civ.P.

Therefore;

IT IS ORDERED that the plaintiff shall have until May 18, 2012, to demonstrate the existence of a disputed issue of material fact or an adequate legal basis to maintain his claims against the defendants.

Baton Rouge, Louisiana, April 27, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE